UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHUA McGIBONEY,<br><br>    Plaintiff,<br><br>vs.<br><br>CORIZON; ALBERTO RAMIREZ;<br>REBEKAH HAGGARD; and JARED<br>POVAR,<br><br>    Defendants. | Case No. 1:18-cv-00529-DCN<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

## I. INTRODUCTION

Pending before the Court are Plaintiff Joshua McGiboney's: Verified Petition & Declaration of Joshua McGiboney for Court to Alter or Amend & Deny the Defendants' Motion for Summary Judgment ("Motion to Amend") (Dkt. 91); Motion and Affidavit in Support for Appointment of Counsel & an Expert Witness, Special Master, Physical Examination, to Exceed Page limits ("Motion to Appoint Counsel") (Dkt. 92); Motion to Extend Time to Reply (Dkt. 104); and Motion to Exceed Page Limits (Dkt. 106). McGiboney's counsel's Motion to Withdraw as Attorney (Dkt. 103) is pending as well.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by

oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons stated below, the Court will DENY McGiboney's Motion to Amend, DENY McGiboney's Motion to Appoint Counsel, GRANT McGiboney's Motion to Extend Time to Reply, GRANT McGiboney's Motion to Exceed Page Limits, and GRANT McGiboney's counsel's Motion to Withdraw.

## II.  BACKGROUND

On March 22, 2021, the Court issued a Memorandum Decision and Order ("Summary Judgment Order") granting summary judgment in favor of remaining Defendants Corizon, Alberto Ramirez, Rebekah Haggard, and Jared Povar ("Defendants"). Dkt. 89. The Court outlined the extensive factual background of this case in its Summary Judgment Order and incorporates this background by reference. Dkt. 89, at 2–21.[1] The same day, the Court also entered Judgment in favor of Defendants and this case was closed. Dkt. 90.

On April 5, 2021, McGiboney's counsel met and conferred with counsel for Defendants Corizon Health, Inc., Dr. Rebekah Haggard, and Jared Povar ("Corizon Defendants") to discuss the Corizon Defendants' bill of costs as required under Local Civil Rule 54.1(a)(1). The Corizon Defendants contend a "written agreement was reached whereby Corizon Defendants agreed to not file their bill of costs in exchange for Plaintiff agreeing to not appeal the Court's March 22, 2021 ruling and dismissal of the case." Dkt.

---

[1] Page citations are to the ECF-generated page number.

94, at 2. McGiboney's counsel, Richard Hearn, subsequently filed an affidavit attesting that McGiboney agreed to forgo filing an appeal in return for the Corizon Defendants waiving their Bill of Costs, and that "[t]his agreement between Mr. McGiboney and the Corizon defendants was confirmed in an exchange of emails dated April 5, 2021." Dkt. 103-1, at ¶¶ 7, 8.

However, on April 21, 2021, McGiboney filed the instant Motion to Amend and Motion to Appoint Counsel on his own behalf, and not through Hearn. In his Declaration in support of the Motion to Amend, McGiboney contends that he is pro se and that his "old contingency fee counsel . . . abandoned [him]" and failed to adequately respond to Defendants' Motions for Summary Judgment. Dkt. 91, at ¶¶ 1, 10, 12. McGiboney also maintains he did not agree to the resolution of the Bill of Costs, and that he had irreconcilable difference with Hearn once he learned that Hearn had not hired an expert witness and that summary judgment had been granted in favor of Defendants. Dkt. 108, at 2–3. When McGiboney filed his Motion to Amend and Motion to Appoint Counsel, Hearn had not withdrawn and still represented McGiboney. Hearn did not file a Motion to Withdraw as counsel until June 16, 2021, and only did so at the Court's behest after the Defendants had responded to McGiboney's Motion to Amend and Motion to Appoint Counsel. Dkt. 102; Dkt. 103. The Corizon Defendants object to Hearn's Motion to Withdraw. Dkt. 105.

The Corizon Defendants responded to McGiboney's Motion to Amend and Motion to Appoint Counsel on May 12, 2021. Dkts. 93, 94. Defendant Alberto Ramirez (as the successor of defendant Keith Yordy) joined in the Corizon Defendants' responses. Dkts.

95, 96. On July 6, 2021, McGiboney filed a Motion to Extend Time to Reply ("Motion to Extend"). Dkt. 104. The next day, McGiboney filed his Motion to Exceed Page Limits (Dkt. 106), along with his reply briefs in support of both his Motion to Amend and Motion to Appoint Counsel. Dkts. 107, 108.

The pending motions have been briefed and are ripe for the Court's review.

## III. ANALYSIS

There are multiple pending motions in this case, some of which are procedural and others which are substantive. Each of McGiboney's four Motions are procedurally barred because he was represented by counsel when he filed them. Under Local Rule 83.6(a)(1), "[w]henever a party has appeared through an attorney, the party may not thereafter appear or act in his or her own behalf in the case or take any step therein unless an order of substitution must first have been made by the Court, after notice to the opposing party and his or her attorney[.]" Dist. Idaho Loc. Civ. R. 83.6(a)(1). Local Rule 83.6(b)(1) states the authority of the attorney of record "must continue for all proper purposes" until a Notice of Substitution is filed. Dist. Idaho Loc. Civ. R. 83.6(b)(1). A Notice of Substitution was not filed in this case. Further, at the time McGiboney filed his motions, Hearn had not been granted leave to withdraw pursuant to Local Rule 83.6(c)(1).

Nevertheless, Local Civil Rule 83.6(a)(2) also grants the Court discretion to hear a party, notwithstanding the fact that the party is represented by an attorney. Dist. Idaho Loc. Civ. R. 83.6(a)(2). The Court will exercise this discretion and consider the merits of McGiboney's Motion to Amend. The Court is willing to take this unusual step because portions of McGiboney's motion criticize Hearn. Hearn would not likely have filed these

motions against his own interest, so it is appropriate to allow McGiboney to raise the matters on his own behalf even while Hearn was still counsel of record.

Given the conflict between Hearn and McGiboney, the Court will grant Hearn's Motion to Withdraw. Good cause appearing, the Court also grants McGiboney's Motion to Extend Time to Reply and Motion to Exceed Page Limits. However, as explained below, the Court finds McGiboney is not entitled to relief from the Court's Judgment—regardless of whether it considers his briefs to have been filed pro se. Further, since the Judgment will not be reopened, McGiboney cannot amend, and he is not entitled to new counsel, a special master, a physical examination, or an expert witness.

The Court accordingly turns first to McGiboney's Motion to Amend.

## A. Motion to Amend (Dkt. 91)

### 1. Legal Standard

A motion for reconsideration of summary judgment may appropriately be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citation omitted). A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of judgment.[2] Fed. R. Civ. P. 59(e). Federal Rule of Civil Procedure 6(b) expressly prohibits any expansion of this period. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act" under Rule 59(e)). If a motion to alter or amend

---

[2] Rule 59(e) used to require that a motion to alter or amend be filed within 10 days of the date of entry of judgment. In 2009, the 10-day period was changed to 28 days to allow litigants adequate time to prepare a satisfactory post-judgment motion. Fed. R. Civ. P. 59(e) advisory committee's note to 2009 amendment.

is not filed within 28 days of the entry of final judgment, "it is treated as a Rule 60(b) motion for relief from a judgment or order." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001). A Rule 60(b) motion must be made within a "reasonable time" and, for motions under Rule 60(b)(1)–(3), by "no more than a year after entry of the judgment or order[.]" Fed. R. Civ. P. 60(c)(1).

Defendants argue the Court lacks jurisdiction to consider McGiboney's Motion to Alter or Amend because it was filed 30 days after the judgment was entered—beyond the 28-day period authorized under Rule 59(e). This contention ignores that the Court may consider whether McGiboney is entitled to relief from judgment under Rule 60(b) because McGiboney's Motion was filed on April 21, 2021—within a "reasonable time," and well before March 22, 2022, when the one-year period under Rule 60(b)(1)–(3) expires.

Moreover, McGiboney gave his Motion to Amend to the prison to mail within the 28-day time limit. Dkt. 91, at 23. Pursuant to longstanding precedent, a prisoner's motion is deemed "filed" when submitted to the prison; not when it is actually received by the Court. *Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (explaining under the "mailbox rule," a legal document is deemed filed on the date a prisoner delivers it to prison authorities for filing by mail, rather than the date it is actually filed with the clerk of the court. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights actions). Defendants contend McGiboney should not receive the benefit of the mailbox rule because he was represented by counsel when the Motion to Amend was filed. As noted above, because McGiboney's counsel would not likely have submitted the Motion to

Amend on McGiboney's behalf, McGiboney had no choice but to file it himself. As a technical matter, then, McGiboney's Motion was timely even under Rule 59(e).

Regardless, the difference between a motion brought under Federal Rule of Civil Procedure 59(e) and one brought pursuant to Rule 60(b) is one largely of timing rather than substance. *Am. Ironworks & Erectors*, 248 F.3d at 898–99. The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; or (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Rule 60(b) provides for reconsideration upon a showing of: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) other "extraordinary circumstances" which would justify relief.[3] *Fuller*, 950 F.2d at 1442 (citing Rule 60(b)).

No matter the circumstances, and whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should not be granted "absent highly unusual circumstances." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). The moving party bears the burden of establishing grounds for relief. *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130–31

---

[3] McGiboney requests relief due to "extraordinary circumstances" in his Motion to Amend, and cites Rule 60 in his Reply brief in support of his Motion to Amend. Dkt. 91-2, at 1; Dkt. 108, at 9.

(E.D. Cal. 2001). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* at 1131 (cleaned up).

    *2. Discussion*

    McGiboney suggests he is entitled to relief from the Court's judgment due to "New evidence, Extraordinary circumstances, Clear Error, Surprise, Mistakes, Abandonment of counsel, [and] Defendants blocking [him] from communicating[.]" Dkt. 91-2, at 1. As such, although he does not specifically so state, McGiboney apparently seeks relief pursuant to Rule 60(b)(1), (b)(2) and (b)(6). The Court considers each provision in turn.[4]

    a.  Rule 60(b)(1)

    McGiboney first contends that Hearn's representation was severely deficient. McGiboney alleges Hearn's errors included failing to hire an expert witness, failing to adequately respond to Defendants' arguments on summary judgment, misunderstanding Eighth Amendment law, failing to dispute Defendants' evidence, failing to provide McGiboney with relevant discovery and to address such discovery on summary judgment, abandoning McGiboney's claims, and conceding McGiboney's request for injunctive relief. Dkt. 91, at ¶¶ 10, 12, 18, 20, 24, 41; Dkt. 91-2, at 6, 7, 13, 14; Dkt. 108, at 3–4, 9, 11, 14. Further, as a result of the Covid-19 pandemic and corresponding lockdowns within the prison, McGiboney suggests he was not able to communicate with Hearn, or to

---

[4] The Court's findings apply regardless of whether the Motion to Amend is assessed under Rule 60(b) or Rule 59(e).

participate in his case, in the months preceding the Motion for Summary Judgment. Dkt. 91-2, at 13; Dkt. 108, at 18.

McGiboney's arguments regarding Hearn's representation do not provide grounds to set aside the Judgment. "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100–02 (9th Cir. 2006) (citation omitted). This includes "not only innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct." *Id.*; *Engleson v. Burlington N. Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) *Casey v. Albertson's, Inc.*, 392 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)"); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 397 (1993) (parties are "held responsible for the acts and omissions of their chosen counsel").[5]

In addition, attorney misconduct does not provide grounds for relief from judgment when a party could have, but failed to, complain about the failings of his lawyer prior to entry of judgment. *Casey*, 362 F.3d at 1260. If McGiboney was dissatisfied with Hearn's representation, he could have notified the Court any time between August 13, 2019—when Hearn filed his Notice of Appearance—and March 22, 2021, when the Court issued the

---

[5] To some degree, McGiboney is treating this matter like a criminal case and alleging a quasi-ineffective assistance of counsel claim against Hearn. Such is inappropriate. Generally, a plaintiff in a civil case has no right to effective assistance of counsel. *Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). "This rule is based on the presumption that, unless the indigent litigant may lose his physical liberty if he loses the litigation, there is generally no right to counsel in a civil case." *Id.*

Summary Judgment Order. If McGiboney was concerned about his access to Hearn due to the Covid-19 pandemic, he could have raised the issue with the Court at any time during the year between when the pandemic was declared in March of 2020, and the Court's Summary Judgment Order on March 22, 2021. He did not do so. Instead, McGiboney did not appear to have a problem with Hearn's representation until the Court granted summary judgment in favor of the Defendants. McGiboney's dissatisfaction with this result does not provide grounds to reopen the Judgment.

McGiboney also argues reconsideration is appropriate because he only recently obtained relevant discovery that Defendants failed to disclose. This claim ignores that Defendants produced the referenced discovery to Hearn, McGiboney's attorney. Dkt. 91-2, at 22–23, 28, 30, 32; Dkt. 107-1, at 4–10; Dkt. 107-3, 12–15, 17–21. Federal Rule of Civil Procedure 5(b)(1) concerns the serving of discovery and other papers when a party is represented by counsel. Rule 5(b)(1) provides: "If a party is represented by an attorney, service under this rule *must* be made on the attorney unless the court orders service on the *party*." (emphasis added). Here, there was no court order directing Defendants to serve McGiboney with discovery and there did not appear to be any need for McGiboney to be served directly because Hearn represented McGiboney throughout the discovery period without any complaint from McGiboney. Rule 5(b)(1) thus required the Defendants to serve Hearn with discovery, and McGiboney's claim that the Defendants hid discovery from him lacks merit.

MEMORANDUM DECISION AND ORDER - 10

The majority of McGiboney's remaining arguments in his Motion to Amend concern Hearn's purported failure to present the evidence McGiboney deems relevant or to adequately argue McGiboney's case. As the Supreme Court has explained:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.[6]

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962) (cleaned up). In short, the Court finds Hearn's alleged deficiencies did not constitute mistake, inadvertence, surprise, or excusable neglect which would permit the Court to set aside the Judgment under Rule 60(b)(1).[7]

b.  Rule 60(b)(2)

McGiboney also contends the Judgment should be set aside due to newly discovered evidence. Reconsideration can be granted under this provision only if the newly discovered evidence, "with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2); *see also Kona*, 229 F.3d at 890 (explaining a motion for reconsideration under Rule 59(e) "may *not* be used to raise

---

[6] As the Ninth Circuit has explained, the Supreme Court's holding in *Link* does not serve as a barrier to establishing that gross negligence by a party's counsel may constitute "extraordinary circumstances" under Rule 60(b)(6). *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). As explained below, however, the Court cannot find Hearn's representation was negligent, much less grossly negligent.

[7] For the reasons described above, McGiboney's complaints regarding Hearn's representation are also insufficient to support reconsideration under Rule 59(e).

arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation") (emphasis in original).

Each of the documents McGiboney characterizes as "new evidence" were available to McGiboney, or to his counsel, when the summary judgment briefing was filed. For instance, McGiboney's handwritten journal entries from 2015 to 2018, and deposition transcripts from a prior case involving McGiboney's medical care in 2015, were obviously available when McGiboney responded to Defendants' Summary Judgment Motions on November 4, 2020. Dkt. 91-1; Dkt. 91-2, at 26; Dkt. 107-1, 2–3. The same is true for various chart notes, medical records, and letters that were not only available, but were also, in fact, submitted to the Court with McGiboney's response to Defendants' Motions for Summary Judgment. *See, e.g.*, Dkt. 91-2, 22–23, 28–32, 44–50; Dkt. 107-1, 4–6, 9–10.

In addition to the aforementioned evidence, McGiboney filed declarations from two of his cellmates, Ryan Marca and Scott Maher, with his Motion to Amend. With his Motion to Appoint Counsel, McGiboney also filed the declaration of his daughter, Janae McGiboney, and a declaration from Dimas Narvaiz, an inmate who has assisted McGiboney with his rehabilitation efforts. McGiboney contends that each of these declarations constitutes newly discovered evidence requiring that the Court reopen the case and consider their contents. Not so.

Marca attests he lived with McGiboney in 2014-2015 and again in 2019-2020. As such, Marca cannot be considered a newly discovered witness, and McGiboney could have submitted Marca's declaration with his November 4, 2020 response to Defendants' Motion for Summary Judgment. Dkt. 73. Similarly, McGiboney could have submitted the

declarations from Janae and Narvaiz with his Motion for Summary Judgment, as both attest to McGiboney's condition between 2015 and 2019.[8] Neither Janae nor Narvaiz can considered newly discovered witnesses since McGiboney could have, but failed to, submit their declarations with his response to the Motions for Summary Judgment.

Maher attests that he has been McGiboney's cellmate since February 2021. McGiboney's healthcare in 2021 has no bearing on the claims before the Court on summary judgment, which involved McGiboney's medical care from December 6, 2016, to July 2, 2020. Dkt. 89, at 5–18. Further, Dr. Haggard and Jared Povar—the only two named medical providers who remained in the case at the time of summary judgment—do not appear to have provided McGiboney with medical care in 2021. Dkt. 69-6, at 7:13–16; Dkt. 45, at ¶ 2; Dkt. 94-4, at ¶ 3. If McGiboney has new claims of inadequate medical care against non-parties that occurred in 2021, such claims are appropriately brought in a new suit and do not provide grounds to reopen the judgment in favor of the Defendants *in this case*. *Carrol*, 342 F.3d at 945; *Nw. Acceptance Corp. v. Lynwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988) (finding new claims were not properly raised in a motion for reconsideration).

c.  Rule 60(b)(6)

Rule 60(b)(6) is a catch-all provision that allows a court to grant relief from a final judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This provision is to be "used sparingly as an equitable remedy to prevent manifest injustice and

---

[8] Narvaiz references McGiboney's care between 2015 and 2019, while Janae describes her interaction with Corizon and other health care providers (on McGiboney's behalf) between 2016 and 2019.

is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw*, 452 F.3d at 1103 (cleaned up). A party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) ("*Tani*").

McGiboney suggests extraordinary circumstances prevented him from adequately presenting his case because Hearn essentially abandoned him. While McGiboney may now disagree with Hearn's litigation decisions, it is clear from the record that Hearn did not abandon McGiboney, and instead advocated on McGiboney's behalf throughout this case. Specifically, after he filed his Notice of Appearance, Hearn represented McGiboney on several motions, throughout the discovery period—including by taking and defending multiple depositions and obtaining written discovery—and on summary judgment. In response to the Defendants' Motions for Summary Judgment, Hearn filed approximately 60-pages in argument, 30-pages of disputed facts, and hundreds of pages of evidence. Dkt. 73–73-9.

The briefing on summary judgment was ripe on November 18, 2020. Dkt. 74; Dkt. 76. Hearn then participated in an 8.5-hour settlement conference with the Defendants and United States Magistrate Judge Candy W. Dale on December 22, 2020. Dkt. 83. When the settlement conference was unsuccessful, Hearn appeared before the Court at the hearing on the Motions for Summary Judgment on January 21, 2021, and argued competently

against both Motions.[9] Dkt. 88. The Ninth Circuit has recognized an attorney's gross negligence constitutes "extraordinary circumstances" warranting relief under Rule 60(b) where, for instance, an attorney virtually abandoned his client and failed to proceed with his client's defense despite court orders to do so, *Tani*, 282 F.3d at 1170, or failed to attend hearings and intentionally deceived his client, *Lal v. California*, 610 F.3d 518, 524–27 (9th Cir. 2010). Although Hearn's arguments were ultimately unsuccessful on summary judgment, there is nothing in the record to suggest he abandoned McGiboney's case or was grossly negligent in pursuing McGiboney's claims.

McGiboney next argues relief from judgment is warranted because the Court applied the wrong standard by failing to assess whether Dr. Haggard interfered with prescribed treatment by not ordering an MRI between January 7, 2016, and October 26, 2017. Dkt. 91-2, at 2–7. Despite McGiboney's claims to the contrary, a physician did not prescribe an MRI during the aforementioned time period, and there is no evidence that any physician ordered an MRI in 2016.[10] Dkt. 45, ¶¶ 14–17. Although McGiboney contends his prior neurosurgeons have told him he needs an MRI any time his neuro symptoms change, he ignores the evidence—which he did not dispute on summary judgment and outlined in the Court's Summary Judgment Order—that showed McGiboney's neuro

---

[9] In light of this record, McGiboney's complaints are unfair to Hearn. Despite the global pandemic, and his contingency-fee representation, Hearn worked hard to secure a successful outcome for McGiboney throughout his nearly two-years of unpaid representation.

[10] As explained in the Court's Summary Judgment Order, McGiboney's representations regarding what Dr. Agler, Dr. Jutzy, or the physicians at the Barrow Institute, purportedly prescribed are irrelevant because such physicians did not treat McGiboney during the time period at issue (or, with respect to the Barrow Institute physicians, ever) and there was no evidence in the record to suggest such physicians had reviewed McGiboney's medical records. Dkt. 89, at 50–52.

functioning improved between 2015 through the summer of 2017. Dkt. 89, at 7–9. When McGiboney reported worsening neuro symptoms in October of 2017, Dr. Haggard ordered an MRI on October 30, 2017. *Id.* at 9.

McGiboney also faults the Court for finding his claims failed as a matter of law in the absence of expert testimony. The Court did find expert testimony was essential to determine whether an MRI was medically indicated in the Spring of 2017, and whether Dr. Haggard intentionally disregarded a significant risk to McGiboney's health, or caused McGiboney harm by denying him an MRI, at that time. Dkt. 89, at 34–38. Even if a lay person could adequately understand McGiboney's complicated medical condition, the need for expert testimony was particularly necessary in this case since the Corizon Defendants presented a neurosurgeon's expert opinion concluding an MRI was not medically indicated during the relevant time period. Dkt. 69-22, at 11–20.

Further, the Court also explained that even if expert testimony was not essential to McGiboney's Eighth Amendment claim, McGiboney still failed to establish a genuine issue of material fact with respect to the MRI because there was *no* testimony or evidence in the record—including from McGiboney's outside providers—to suggest McGiboney should have received an MRI before October 2017, when Dr. Haggard ordered one. Dkt. 89, at 38–43. Similarly, the Court cannot accept McGiboney's speculation that various providers identified as rebuttal witnesses would have testified as to the care he should have received because McGiboney's treating physicians—including Dr. Migliori and Dr. Choutka—were deposed by McGiboney's counsel and did not testify that McGiboney should have received an MRI between 2016 and October of 2017. Dkt. 69-5; Dkts. 69-7–

69-9. The Court cannot accept McGiboney's claims regarding what various other rebuttal witnesses would have attested to when they were not deposed and there is no evidence to support McGiboney's characterization of their alleged opinions.

Finally, McGiboney suggests the Court should reopen the case because unnamed Corizon providers have retaliated against him and subjected him to horrific medical care and living conditions since the Court amended its preliminary injunction on April 3, 2020. This claim was not before the Court on summary judgment and McGiboney never attempted to amend his Complaint to add a retaliation claim regarding his post-injunction care before judgment was entered in favor of the Defendants. A motion for reconsideration under either Rule 59(e) or Rule 60(b) is an improper vehicle for bringing new claims not previously made. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend"); *389 Orange St. Partners v. Arnold*, 179 F.3d at 665 (holding "abuse of discretion review preclude[d] reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration"); *Thomas v. Cassia Cty., Idaho*, 2019 WL 5270200, at *7 (D. Idaho Oct. 17, 2019) (holding plaintiff could not use a motion for reconsideration "to assert a claim that he never brought in the first place").

In short, while McGiboney may have new valid claims for relief against the Defendants or others based on conduct that was not before the Court at the time it issued the Summary Judgment Order, such claims are not a part of this suit and must be addressed in a new action.

MEMORANDUM DECISION AND ORDER - 17

### B.  Other Requested Relief

In his Motion to Amend, McGiboney also requests a chance to amend his complaint. To permit McGiboney to amend his complaint post-judgment—particularly when he did not seek to amend at any time during the more than two years between the Court's Initial Review Order and its Summary Judgment Order—would "simply grant him the forbidden second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted). This is not the purpose of a motion for reconsideration. *Id.* (citing *389 Orange Street Partners*, 179 F.3d at 665). McGiboney's suggestion that he should be permitted to amend at this late juncture is "simply too little, too late." *389 Orange Street Partners*, 179 F.3d at 665. Because the Court has already granted summary judgment in favor of Defendants (and entered Judgment), and because the Court finds reconsideration is not appropriate for the reasons explained above, the matter will not be reopened and the Court cannot permit an amendment to the complaint. *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under Rule 59 or 60.").

McGiboney's remaining requests in his motion similarly fail. Among other things, McGiboney asks the Court to appoint new counsel, a special master, and an expert witness so he can essentially relitigate this case. However, because the Court has found a myriad of reasons preclude reconsideration—and because it will not be reopening the case—there is no need to appoint new counsel, a special master, or an expert witness.

Finally, McGiboney requests injunctive relief with respect to his current medical treatment. However, as explained above, McGiboney's complaints regarding his post-

injunction medical care were not before the Court when it entered its Summary Judgment Order, and are not a part of this case. If McGiboney has claims regarding his post-injunction medical care, he can seek injunctive relief in a new suit.

## IV. CONCLUSION

In sum, McGiboney's Motion to Amend does not provide grounds to reconsider or reopen this case. McGiboney was competently represented by counsel and the Court rejects his attempt to relitigate his case after Judgment was entered. Further, while McGiboney may have new valid claims for relief against the Defendants or others based on conduct that was not before the Court at the time it issued the Summary Judgment Order, such claims are not a part of this suit and must be addressed in a new action

## V. ORDER

NOW, therefore, **IT IS HEREBY ORDERED**:

1. McGiboney's Motion to Amend (Dkt. 91) is **DENIED**;

2. McGiboney's Motion to Appoint Counsel (Dkt. 92) is **DENIED**;

3. To the extent it is not moot, Richard Hearn's Motion to Withdraw as Attorney (Dkt. 103) is **GRANTED**;

4. McGiboney's Motion to Extend Time to Reply (Dkt. 104) is **GRANTED**; the Court considered McGiboney's Reply Briefs when assessing McGiboney's Motions;

5. McGiboney's Motion to Exceed Page Limits (Dkt. 106) is **GRANTED**; the Court considered McGiboney's overlength briefs in evaluating McGiboney's Motions.

DATED: January 24, 2022

David C. Nye
Chief U.S. District Court Judge